KIRK. J. ANDERSON (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff**
**Cedar Lane Technologies Inc.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| **Cedar Lane Technologies Inc.,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**Chicony America Group, Inc.,**<br><br>        **Defendant.** | **Case No. _____**<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), through its attorneys, complains of Chicony America Group, Inc. ("Chicony"), and alleges the following:

### PARTIES

1.     Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

1

2.      Defendant Chicony America Group, Inc. is a corporation organized and existing under the laws of California that maintains an established place of business at 53 Parker, Irvine, CA 92618.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Cedar Lane has suffered harm in this district.

### PATENTS-IN-SUIT

7.      Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 6,473,527 (the "'527 Patent"); 6,972,790 (the "'790 Patent"); 8,537,242 (the "'242 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**The '527 Patent**

8.     The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 10/29/2002. The application leading to the '527 Patent was filed on 6/1/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.     The '527 Patent is valid and enforceable.

**THE '790 PATENT**

10.     The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/6/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.     The '790 Patent is valid and enforceable.

**THE '242 PATENT**

12.     The '242 Patent is entitled "Host interface for imaging arrays," and issued 9/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.     The '242 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE '527 PATENT**

14.     Cedar Lane incorporates the above paragraphs herein by reference.

15.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Chicony products identified in the charts incorporated into this Count below (among the "Exemplary Chicony Products") that infringe at least the exemplary claims of the '527 Patent also identified in the charts incorporated into this

Complaint with Jury Demand

Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

17.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

18.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '527 Patent. On information and belief, Defendant has also continued to sell the Exemplary Chicony Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '527 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '527 Patent.

19.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

20.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent. Moreover, the Exemplary Chicony Products are not a staple article of commerce suitable for substantial noninfringing use.

21.     Exhibit 4 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Chicony Products.  As set forth in these charts, the Exemplary Chicony Products practice the technology claimed by the '527 Patent.  Accordingly, the Exemplary Chicony Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

22.     Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23.     Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '790 PATENT

24.     Cedar Lane incorporates the above paragraphs herein by reference.

25.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Chicony products identified in the charts incorporated into this Count below (among the "Exemplary Chicony Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

27.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

Complaint with Jury Demand

28.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Chicony Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '790 Patent.

29.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

30.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent. Moreover, the Exemplary Chicony Products are not a staple article of commerce suitable for substantial noninfringing use.

31.     Exhibit 5 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Chicony Products.  As set forth in these charts, the Exemplary Chicony Products practice the technology claimed by the '790 Patent.  Accordingly, the Exemplary Chicony Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

32.     Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

33.     Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

Complaint with Jury Demand

**COUNT 3: INFRINGEMENT OF THE '242 PATENT**

34.     Cedar Lane incorporates the above paragraphs herein by reference.

35.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Chicony products identified in the charts incorporated into this Count below (among the "Exemplary Chicony Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

37.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

38.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Chicony Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '242 Patent.

39.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of equivalents,

by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

40.   **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Chicony Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent. Moreover, the Exemplary Chicony Products are not a staple article of commerce suitable for substantial noninfringing use.

41.   Exhibit 6 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Chicony Products.  As set forth in these charts, the Exemplary Chicony Products practice the technology claimed by the '242 Patent.  Accordingly, the Exemplary Chicony Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

42.   Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43.   Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

44.   Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cedar Lane respectfully requests the following relief:

A.   A judgment that the '527 Patent is valid and enforceable;

B.   A judgment that the '790 Patent is valid and enforceable;

C.   A judgment that the '242 Patent is valid and enforceable;

D.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '527 Patent;

E.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '790 Patent;

F.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '242 Patent;

G.  An accounting of all damages not presented at trial;

H.  A judgment that awards Cedar Lane all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Cedar Lane for Defendant's infringement, an accounting:

    i.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cedar Lane be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.  that Cedar Lane be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that Cedar Lane be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 20, 2020        Respectfully submitted,

                                    /s/ *Kirk J. Anderson*

                                    Kirk. J. Anderson (SBN 289043)
                                    kanderson@budolaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUDO LAW P.C.
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

Isaac Rabicoff
(*Pro Hac Vice admission to be filed*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**

Complaint with Jury Demand